On Motion for Rehearing and Rehearing En Banc & Motion to Certify Question and to Certify Conflict

STEVENSON, J.
We deny the motion for rehearing and rehearing en banc. The motion points out that temporary injunctions are appropriate in some equitable actions and states that this court “has recognized the use of ‘unjust enrichment’ in causes of action based in law and equity.” To the contrary, this court has squarely held that an action for unjust enrichment is an action at law. See, e.g., Commerce P’ship 8098 Ltd. P’ship v. Equity Contracting Co., 695 So.2d 383, 386-87 (Fla. 4th DCA 1997).
We grant the motion for certification in part. We agree with the panel in Weinstein v. Aisenberg, 758 So.2d 705 (Fla. 4th DCA 2000), that the current definition of “no adequate remedy at law” can result in an injustice in a case such as this one. See id. at 707-12 (Gross, J., concurring specially). Therefore, we certify the following question as one of great public importance:
INCIDENT TO AN ACTION AT LAW, MAY A TRIAL COURT ISSUE AN INJUNCTION TO FREEZE ASSETS OF A DEFENDANT, WHERE THE PLAINTIFF HAS DEMONSTRATED: (1) THE DEFENDANT WILL TRANSFER, DISSIPATE, OR HIDE HIS/HER ASSETS SO AS TO RENDER A TRIAL JUDGMENT UNENFORCEABLE; (2) A CLEAR LEGAL RIGHT TO THE RELIEF REQUESTED; (3) A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS; AND (4) A TEMPORARY INJUNCTION WILL SERVE THE PUBLIC INTEREST?
DAMOORGIAN, J., and KELLEY, GLENN D., Associate Judge, concur.